450

(No. 39056.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BOB CLAUDE WILLIAMS, Plaintiff in Error.

*Opinion filed November 19, 1965.*

GARY L. ECKLUND, of Rockford, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and WILLIAM H. SNIVELY, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

A jury in the circuit court of Winnebago County found defendant, Bob Claude Williams, guilty of burglary and he was sentenced to the penitentiary for a term of three to ten years. The only evidence connecting defendant with the crime is his signed confession, and the sole issue presented on this direct review of the case is whether the confession was made voluntarily.

At the hearing on the motion to suppress, defendant testified that he was arrested on March 14, 1964, and held in custody at the Rockford city jail for five days prior to signing the confession. He stated that during this period he was not taken before a magistrate nor was he given an

opportunity to telephone friends or relatives although he requested such permission. He was lodged on the second floor of the jail where no other prisoners were confined and received only half as much food as the other prisoners. His cell was cold at night and he had to walk to keep warm. He asked that the window be closed and that he be given a blanket, but these requests were denied. He said that he was questioned two or three times a day and that on March 16 he was beaten by the interrogating officers and made to lie on his stomach for several hours. He admitted signing the statement when officers Haeferer and Crane told him he would be given some food and water and allowed to make a telephone call after signing the confession.

Officers Haeferer and Crane testified that they witnessed the signing of the confession on March 19. They said that defendant did not complain to them about the heat in his cell, about other officers hitting him or about the refusal of permission to make a telephone call. They testified that they did not know whether the defendant had had dinner before signing the statement and that he did not ask for a blanket.

In essence the testimony of the police officers who testified reveals nothing more than that they were not aware of any possible abuses to which defendant had been subjected prior to signing the confession. Defendant's testimony concerning his five days of seclusion from friends, relatives and other prisoners, the repetitive interrogation and the physical abuse during this period is therefore all uncontradicted.

The People cite *People* v. *Joe,* 31 Ill.2d 220, and *People* v. *Weger,* 25 Ill.2d 370, for the proposition that the manifest weight of the evidence fails to show that any illegal mode of interrogation prior to March 19 prompted the challenged confession. In each of those cases, however, the threats and promises of leniency were denied so that there was a question as to the manifest weight of the evidence.

Furthermore, the alleged inducements to confess in those cases occurred under circumstances which would not on the facts of those cases have prompted the confession. For example, in *Weger* defendant admitted that he was not subjected to physical mistreatment or threats thereof, that he was not deprived of food or sleep for any unreasonable periods of time, and that there were no prolonged periods of questioning. The alleged inducements, (the threat of the electric chair and promises of leniency), were denied and did not precipitate any confession at the time they were allegedly made. Rather, the confession was made almost immediately after Weger's mother spontaneously appealed to him to tell the truth.

This case is very similar to *People* v. *Jones,* 402 Ill. 231, 235. There, as here, the prosecution produced no evidence contradicting defendant's testimony that he was deprived of normal food and comforts. This court said, "If this testimony is true, and in the absence of a denial it must be so regarded, a gross outrage was committed which not only deserves the severest condemnation but which must exclude as evidence any confession or statement obtained by such means." And in answer to the exact contention advanced by the People in this case, it was said, "The existence of duress is not to be determined by the superficial test whether the acts in question were performed at the time the confession is made. If those acts are responsible for the confession, it is immaterial that they may have been performed prior to the day on which the statement is given. Here the undisputed testimony of defendant shows that he was deprived of a normal supply of food for a week immediately preceding his statement; that he signed the statement for the reason that he was hungry and needed food; and that promptly upon the making of that statement he was returned to his normal rations. This presents a clear example of an involuntary confession." See, also, No. 38259 *People* v. *Moriarity,* decided this term.

Under the reasoning and holding of the *Jones* case, the trial court erred in failing to suppress the confession and the judgment is accordingly reversed.

*Judgment reversed.*